REAL ESTATE BROKERS — EMPLOYEE ACTING AS RESIDENT APARTMENT MANAGER — WHEN LICENSE REQUIRED An employee of a real estate broker who acts as a resident manager for such real estate broker in managing an apartment building, duplex, apartment complex, or court is required to be licensed as a real estate broker or sales associate when such resident manager resides on the premises and is engaged in the leasing of units in connection with his employment as a resident manager. This opinion is not to be interpreted as meaning that a resident manager employed by the owner of the real estate is required to be a licensed real estate broker or real estate sales associate, for such an individual may, by statute, have a limited power of attorney to lease the owner's property. The Attorney General has considered your letter in which you request an opinion on the following issue: "Is an employee of a real estate broker who acts as a resident manager for such real estate broker in managing an apartment building, duplex, apartment complex, or court required to be licensed as a real estate broker or sales associate when such resident manager resides on the premises and is engaged in the leasing of units in connection with his employment as a resident manager? " In order to answer your question, it is necessary to consider the applicable Oklahoma Statutes. Title 59 O.S. 858-301 [59-858-301] (1975), provides in pertinent part: "It shall be unlawful for any person to act as a real estate broker or real estate sales associate, or to hold himself out as such, unless he shall have been licensed to do so under this code." Title 59 O.S. 858-102 [59-858-102](2)(3) (1975), provides: "(2) The term "real estate broker" shall include any person, partnership, association or corporation, foreign or domestic, who for a fee, commission or other valuable consideration, or who with the intention or expectation of receiving or collecting a fee, commission or other valuable consideration, lists, sells, or offers to sell, buys or offers to buy, exchanges, rents or leases any real estate, or who negotiates or attempts to negotiate any such activity, or solicits listings of places for rent, or solicits for prospective tenants, or who advertises or holds himself out as engaged in such activities. "(3) The term 'real estate sales associate' shall include any person employed or engaged by, or associated as an independent contractor with, or on behalf of, a real estate broker to do or deal in any act, acts or transactions set out in the definition of a real estate broker." (Emphasis added.) No statutory reference is specifically made to nor is there a discussion of resident managers as either being required to be licensed or being exempt. Therefore, it must be concluded that if a resident manager engages in any activities referred to in the statutes as a basis for defining real estate brokers or real estate sales associates then said resident manager must be licensed. As evidenced by the statutes above quoted, any person employed by a real estate broker, who, for a fee, commission, or other valuable consideration (i.e. salary, living accommodations, etc.) leases any real estate, is by statutory definition a "real estate sales associate" and must be licensed as such. The individual which you have described as an employee of a real estate broker who acts as said broker's resident manager and leases units meets the statutory definition and must be licensed whether he is receiving a salary or other valuable consideration. This opinion is not to be interpreted as meaning that the resident manager has to be licensed as a real estate sales associate for he may also be licensed as a real estate broker. The statute just requires that as a minimum the resident manager, if he is employed by a real estate broker, and leases property on behalf of a real estate broker for a salary or other valuable consideration be at least licensed as a real estate sales associate. Furthermore, this opinion is not to be interpreted as meaning that a resident manager employed by the owner of the real estate is required to be a licensed real estate broker or real estate sales associate. Such an individual, as discussed below, may, by statute, have a limited power of attorney to lease the owner's property. Where an individual has a limited power of attorney to lease the owner's property such an individual would be exempt from licensing by 59 O.S. 858-301 [59-858-301], which reads as follows: ". . . Any person, partnership, association or corporation, or the partners, officers or employees of any partnership, association or corporation, from acquiring real estate for its own use, nor shall anything herein contained prevent any person, partnership, association or corporation, or the partners, officers or employees of any partnership, association or corporation, as owner, lessor or lessee of real estate, from selling, renting, leasing, exchanging, or offering to sell, rent, lease or exchange, any real estate so owned or leased, or from performing any acts with respect to such real estate when such acts are performed in the regular course of, or as an incident to, the management, ownership or sales of such real estate and the investment therein. Nor shall the provisions of this Code apply to persons acting as the attorney in fact for the owner of any real estate authorizing the final consummation by performance of any contract for the sale, lease or exchange of such real estate. And provided further that nothing herein contained shall in any way prohibit any attorney-at-law from performing his duties as such, nor shall this Code prohibit a receiver, trustee in bankruptcy, administrator, executor, or his attorney, from performing his duties, or any person from performing any acts under the order of any court, or acting as a trustee under the terms of any trust, will, agreement or deed of trust." (Emphasis added.) Clearly resident managers employed by real estate brokers are not exempt. Therefore, it is the opinion of the Attorney General that your question be answered as follows: An employee of a real estate broker who acts as a resident manager for such real estate broker in managing an apartment building, duplex, apartment complex, or court is required to be licensed as a real estate broker or sales associate when such resident manager resides on the premises and is engaged in the leasing of units in connection with his employment as a resident manager. This opinion is not to be interpreted as meaning that a resident manager employed by the owner of the real estate is required to be a licensed real estate broker or real estate sales associate, for such an individual may, by statute, have a limited power of attorney to lease the owner's property. (AMALIJA J. HODGINS) (ksg)